IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEATRICE LAWRENCE, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIM. NO. 2007-02 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL
OR IN THE ALTERNATIVE NEW TRIAL**

An Indictment dated January 16, 2007, charged Beatrice Lawrence and Onika Stevens with conspiracy to import cocaine into the customs territory of the United States in violation of 21 U.S.C. Sections 952(a), 960(b)(1), and 963 in Count I; conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sections 841(a)(1) and 846, in Count II; possession of cocaine on board an aircraft with intent to distribute, in violation of 21 U.S.C. Sections 959(b)(2) and 2, in Count III; and aiding and abetting the possession of cocaine with intent to distribute in violation of 21 U.S.C. Sections 841(a)(2), in Count IV.  (App., 1A).

At an arraignment on February 1, 2007, Lawrence entered a plea of not guilty. A Suppression Motion was filed on February 28, 2007. The Government filed an opposition on March 8, 2007. A hearing on the Motion to Suppress was held on December 12, 2007. Defendant filed a Supplemental Motion to Suppress. In an order dated February 20, 2008, the Court denied Defendant's motion to suppress. The Defendants were severed for trial.

Trial for Ms. Lawrence commenced on July 7, 2008, and concluded on July 10, 2008.

Defendant's Motion for Judgment of Acquittal made at the close of the Government's case and after Defendant's case was denied.[1] Ms. Lawrence was convicted on Counts I and III. A Motion for Judgment of Acquittal or in the Alternative a New Trial was filed on July 16, 2008. Defendant submits the following memorandum in support of her motion.

*Trial Testimony*

Customs and Border Protection Supervisor Rosetta Horsford testified that in November 2006, she observed Beatrice Lawrence proceed from the primary inspection station to x-ray and then to the Transportation Security Agency (TSA) luggage check point. Supervisor Horsford observed Ms. Lawrence's luggage physically inspected by TSA. Officer Horsford observed clothing and a liquor box; she did not observe any contraband. Horsford also testified regarding Lawrence's Customs Declaration form. The date of travel indicated on the form was November 9, 2006, the destination, New York. (App., 99A-105A)

TSA Officer Julio Figueroa testified that he inspected Lawrence's luggage. He testified that Lawrence's bag was checked thoroughly. She had clothing and a liquor box with six bottles. After Ms. Lawrence's bag was checked by TSA, it was cleared for boarding the aircraft. (App., 110A-114A). TSA Officer Lawrence LaPlace testified that he inspected Onika Stevens luggage. He testified that her bag contained clothing and ladies' products. He did not find any contraband. (App., 131A-132A).

---

[1] Defendant's Transcripts of the trial are not complete. Defendant's Rule 29 Argument is therefore, not in the Appendix. Defendant will supplement the Appendix when the transcript is made complete.

Next, Customs and Border Protection Officer Gaynelle Meyers testified that she observed Beatrice Lawrence proceed to the primary inspection desk, retrieve her luggage off of the carousel and then on to TSA. Officer Meyers further testified she observed Ms. Lawrence's luggage searched by a TSA Officer. She saw them remove, then replace, clothing and liquor bottles in her luggage. The luggage was then placed on the belt to board the aircraft. CBP Officer Meyers also noted that it took Beatrice Lawrence's luggage longer than usual to travel on the belt to the baggage area. It took approximately seven minutes when it usually takes less than a minute. (App., 116A-123A).

Immigration and Customs Enforcement (ICE) Senior Special Agent Dennis Carter testified that he observed Defendant and Onika Stevens on a control room surveillance monitor. He testified that he observed Defendant present herself for inspection at the primary inspection booth. She was traveling with Onika Stevens. Next, he observed them proceed to x-ray. They presented their bags. Ms. Lawrence's bag was sent through the x-ray. It was then put on the conveyor belt to the aircraft. Agent Carter further testified that the bags took five to seven minutes to travel from TSA to be placed on the cart for boarding. Ms. Lawrence proceeded to the gate area and eventually boarded the aircraft. Carter stated that at the last possible moment, the plane was stopped, passengers removed and baggage searched. A search of Ms. Lawrence's and Ms. Stevens' bags revealed powder cocaine. (App., 140A-150A).

Agent Carter also testified regarding a statement Defendant gave after her arrest. He testified Defendant stated she was traveling with Ms. Stevens. An individual had purchased the tickets. Lawrence further stated that she was going to transport drugs to New York and that she

would be paid three to four thousand dollars. Carter testified that the statement was not signed, audio-taped, nor video-taped. (App., 164A-166A).

Customs and Border Protection Officer Michael Baldwin was present when Ms. Lawrence's bag was taken off of the aircraft and searched. He testified that the bag contained ladies clothing and three small collapsible coolers. (App., 36A). Officer Baldwin also testified that Onika Stevens' bag contained a box of rum, clothing and three small collapsible coolers. Baldwin further testified that he removed ten bricks of alleged controlled substance from Defendant's suitcase. The bricks were weighed and put in an evidence bag. (App., 172A-173A).

Alexander Gongora, a forensic chemist, testified regarding her laboratory reports of the substance contained in Government's Exhibits #10 and #11. She concluded that the substance weighed 10.1 kilograms. (App., 196A). She also testified regarding Government Exhibits #18 and #19. She testified that her analysis revealed that the substance in Government's Exhibits #18 and #19 was cocaine and it weighed 15.07 kilograms. (App., 203A).

Immigration and Customs Enforcement Senior Special Agent Eugene Thomas testified that he observed Defendant and her companion proceed through the customs inspection area as well as the TSA inspection area. (App., 211A). He observed TSA inspectors place the bags on the counter. The TSA inspectors removed a liquor box from Defendant's luggage and thoroughly inspected the suitcase. There was no contraband in the suitcase. The liquor box was placed back into the suitcase and it was cleared for boarding. Agent Thomas testified that he observed the luggage being inspected and placed on the carousel en route to board the aircraft. He further testified Defendant's bag took longer than usual, seven to ten minutes to arrive at the baggage

area. (App., 212A).

Thomas further testified that after the luggage was loaded on the aircraft and the passengers were allowed to board, he had the pilot halt take off and unload the aircraft. (App., 214A). Agent Thomas testified that Defendant's and her companion's luggage were searched. The bags contained cooler bags which contained cocaine. (App., 215A-217A).

Next, Agent Thomas testified that Defendant provided a statement after she was advised of her rights. Agent Thomas testified that ICE Agent Dennis Carter was present for the entire interview and Michael Blackwood was present for a portion. Thomas testified that Lawrence was approached by a male companion who asked her to do a favor for him, to take a trip to New York to take drugs. Defendant allegedly stated that she was to accompany the drugs to New York. Defendant said she wouldn't have to touch the drugs. Defendant further stated, according to Thomas, that a male companion brought the bags and the tickets to her house. She further stated that the liquor boxes were placed in the bags to make the bags heavy. It was necessary for the bags to be heavy in order for the heavy tag to be placed on them so it could be known which bag had the drugs in it. Once she got to New York, she was to turn the bags over to another male. (App., 233A-238A). She said the male companion was to meet her at the airport in New York and that she and Ms. Stevens would stay at the Galaxy Hotel. Defendant stated she had recruited Stevens to go on the trip with her. She said she was to be paid between $3,000 and $4,000 and had told family members she was going to St. Thomas not New York.

Defendant's Motion for Judgment of Acquittal, made at the close of the Government's case and at the end of the presentation of evidence, was denied. Defendant filed a Motion for

Judgment of Acquittal or in the Alternative New Trial on July 16, 2008.

# *ARGUMENT*

## I. The Evidence was insufficient when viewed in a light most favorable to the Government from which a rational trier of fact could find Defendant's guilt as to Counts I and III.

Evidence is sufficient if, when viewed in a light most favorable to the Government, a reasonable juror could find the Defendant guilty of the offense charged. Glasser v. United States, 315 U.S. 60 (1942), *reh. denied*, sub. nom. Kretske v. United States, 315 U.S. 827 (1942). The prosecution must prove every element of a crime charged beyond a reasonable doubt. Diminishing this burden violates a Defendant's right to due process. In order to find Ms. Lawrence guilty of conspiracy to import cocaine into the customs territory of the United States, that is New York, from St. Croix, a place outside the customs territory of the United States, the Government was required to prove that the alleged conspirators had the intent to achieve a common goal, shared a unity of purpose and had an agreement to work together toward the goal. United States v. Wexler, 838 F.2d 88, 92 (3d Cir. 1988). In order to support a conviction for conspiracy, the Government had to present evidence proving that Ms. Lawrence entered into an agreement and knew that the agreement had the specific unlawful purpose of importing cocaine into the customs territory of the United States, from a place outside the customs territory of the United States. Id.

Here, there was no evidence presented from which the jury could find that Ms. Lawrence

entered into an agreement where it was known that St. Croix was not a customs territory of the United States and is in fact outside of the customs territory of the United States. Even if evidence was presented to show there was an agreement to import cocaine into the States, proof for a conviction under 21 U.S.C. 952(a) requires that the agreement had, as its unlawful purpose, the importation of cocaine into the customs territory of the United States, from a place outside the customs territory of the United States. There is no such evidence, direct or circumstantial, when viewed in a light most to the Government, from which a jury could find that the purpose was to import the cocaine from a place outside the customs territory of the United States. The jury was required to find each and every element of Count I. The Government's proof regarding Count I, was insufficient when viewed in a light most favorable to the government from which a rational trier of fact could find Ms. Lawrence guilty.

In order to find Ms. Lawrence guilty of Count III, aiding and abetting the possession of cocaine on board an aircraft, it must be shown that Ms. Stevens committed the substantive offense. "An aiding and abetting conviction requires that another committed the substantive offense and that the one charged with aiding and abetting knew of the substantive offense commission and acted with the intent to facilitate it." United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991), citing, United States v. Dixon, 658 F.2d 181, 189 n. 17 (3d Cir. 1981). "[A]cting with the intent to facilitate the substantive offense requires that one act with the "intent to help those involved with a certain crime." United States v. Salmon, supra at 1113, quoting, United States v. Wexler, 838 F.2d 88, 92 (3d Cir. 1988).

The evidence was less than sufficient, when viewed in a light most favorable to the

government, from which a jury could find Ms. Lawrence guilty of Count III. On November 9, 2006, Ms. Lawrence and a friend, Onika Stevens arrived at the Henry Rohlsen Airport for travel to New York. She was inspected at the primary inspection check point by CBP Officers. She then proceeded to TSA, where her bags were thoroughly inspected. There was no contraband found. The bags were loaded onto the aircraft and the passengers also boarded. After the aircraft was unloaded, and a search of Lawrence's and Stevens' bags was conducted, contraband was found in both bags. According to Agent Thomas, Ms. Lawrence allegedly confessed to knowing that contraband would be put in her luggage. She was to accompany the bags to New York. She indicated that an individual brought the tickets and bags to her house the previous night. She stated that she recruited Stevens and that they were to stay at the Galaxy Hotel. Ms. Lawrence indicated that she would be paid $3,000 - $4,000 for the trip. (App., 231A-240A).

In order for Ms. Lawrence to be found guilty of Count III, the evidence must show that Ms. Stevens knowingly and willfully possessed cocaine on board the aircraft and Ms. Lawrence specifically intended to aid and abet Onika Stevens in the knowing and willful possession with the intent to distribute cocaine on board an aircraft. There was no evidence presented that showed that Ms. Stevens knew there was cocaine in her luggage or Ms. Lawrence's luggage. Ms. Lawrence's statement spoke to her involvement. According to Agent Thomas, Ms. Lawrence recruited Ms. Stevens to "travel with her." (App., 239A). There was no testimony from which the jury could find that Stevens had knowing possession of cocaine on board an aircraft, whether that possession be actual, joint or constructive. Constructive possession requires one to have the power and intent to exercise both dominion and control over the object one is charged with

possessing. United Sates v. Garth, 188 F.3d 99, 112 (3d Cir. 1999). There was no evidence that Ms. Stevens had exercised control over the cocaine at any point. Additionally, Ms. Stevens could not exercise control over her luggage after it was inspected by TSA.

Ms. Lawrence maintains that there was insufficient evidence, when viewed in a light most favorable to the government, from which a jury could determine beyond a reasonable doubt that Lawrence aided and abetted Stevens in the possession of cocaine. There is no evidence from which a jury could find that Stevens knowingly possessed cocaine on board an aircraft with intent to distribute. Consequently, Ms. Lawrence cannot be found guilty of aiding and abetting the possession of cocaine on board an aircraft. Ms. Lawrence's challenge of the sufficiency of the evidence should be sustained where the prosecution's failure is clear. There was insufficient evidence presented from which the jury could find Lawrence guilty of Count III.

## *CONCLUSION*

Defendant requests that her Motion for Judgment of Acquittal be granted or in the alternative she be granted a new trial.

Dated: February 12, 2009

                                                  Respectfully submitted,

                                                  /s/ Patricia Schrader-Cooke
                                                  Patricia Schrader-Cooke
                                                  Asst. Federal Public Defender
                                                  P.O. Box 223450
                                                  Christiansted, USVI 00822
                                                  (340) 773-3585

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that this document, filed through the ECF system, will be sent electronically to registered participants and paper copies will be sent to non-registered participants this 12th day of February, 2009.

/s/ Patricia Schrader-Cooke