IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and GOVERNMENT OF VIRGIN ISLANDS ) ) ) Plaintiff, ) ) ) v. ) ) BEATRICE LAWRENCE ) ) Defendant. ) ) | CRIMINAL NO. 2007-02 |

## MEMORANDUM OPINION

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on a Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial filed by Defendant Beatrice Lawrence. The United States of America opposes Defendant's Motion.

### I. FACTUAL FINDINGS AND BACKGROUND

The Department of Homeland Security ("DHS"), Customs and Border Protection ("CBP"), at the Henry E. Rohlsen Airport on St. Croix received two anonymous phone calls informing officials that Defendant and a companion would be traveling with drugs in their luggage. The caller stated that the contraband would be placed in the Defendant's luggage after she cleared Customs and the Transportation Security Agency ("TSA") check point. After researching the reservations lists for air carriers at the airport and confirming that Defendant had a flight reservation for November 9, 2006, CPB officials contacted agents at DHS's Bureau of Immigration and Customs Enforcement ("ICE") about their findings. Defendant arrived at the

1

airport with her bags and went through the TSA check point without any problems. After Defendant boarded the aircraft, all passengers were asked to deplane and the bags were removed from the flight. The Virgin Islands Police Department K-9 unit was brought in to go over the bags but the dogs did not alert on any luggage. ICE Special Agents searched Defendant's luggage, finding three small cooler bags of cocaine.

Defendant was informed that drugs had been found in her luggage and was arrested. Agent Eugene Thomas recited <u>Miranda</u> warnings to Defendant before she was taken in for questioning and once again prior to being interrogated. Agent Dennis Carter read the <u>Miranda</u> warnings from a Statement of Rights form and, once the Miranda warnings were given, Defendant was asked whether she wished to talk to the officers. Defendant signed the Statement of Rights, acknowledging that her rights were explained to her and that she waived these rights. During Defendant's interrogation, she provided information concerning the individual who contacted her about the trip and who purchased the tickets as well as her relationship with this individual and other travels she had made to the mainland for this individual. Defendant also provided information that corroborated the statements made by the anonymous caller. On February 28, 2007, Defendant filed a motion to suppress her confession made to the agents of the Immigration and Customs Enforcement. After a hearing, the Court denied Defendant's motion, entering its Memorandum Opinion on January 30, 2008.

On July 7, 2008, the jury began hearing testimony in this case. Defendant faced a four count Indictment. Count One charged her with conspiracy to import cocaine into the Customs territory of the United States, a violation of 21 U.S.C. §§ 952(a), 960(b)(1) and 963. Count Two charged conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Three charged aiding and abetting possession of cocaine on board an

2

aircraft with intent to distribute, a violation of 21 U.S.C. §§ 959(b)(2) and 18 U.S.C. § 2. Count Four charged aiding and abetting possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(2). See App. 1A.

The government at trial presented three crucial witnesses: Senior Special Agent Dennis Carter; CBP Officer Michael Baldwin; and Senior Special Agent Eugene Thomas. Agent Carter testified that he was in the control room at the Rohlsen Airport and observed Defendant and her companion, Onika Stevens, on the surveillance monitor as they entered the airport and made their way through the TSA check point. See App. 139A - 147A. He testified that after the loading of passengers and luggage on the plane, law enforcement removed the luggage and passengers, and performed a search of Defendant's bag and Onika Steven's bag. Upon searching Defendant's bag, officers uncovered three cooler bags containing a total of ten bricks of cocaine. See App. 147A - 152A. Carter then testified that he questioned Defendant about the ten bricks of cocaine found in her bag and she admitted to having conspired with third persons to transport the drugs to New York. See App. 165A - 166A. She also stated that she was going to be paid three to four thousand dollars for transporting the drugs. Id.

Officer Baldwin testified that he was present when Defendant's bag was taken off the aircraft and searched. He testified that both Defendant's bag and Onika Steven's bag contained three cooler bags inside. See App. 36A. Baldwin testified that he removed ten bricks of the alleged controlled substance from Defendant's bag, weighed the substance, and placed it in an

3

evidence bag for further analysis. See App. 171A - 173A. Baldwin also told the jury that the substance removed from Defendant's bag tested positive for cocaine.[1] See App. 173A - 184a.

Agent Thomas told the jury that on November 9, 2008, he obtained a photograph of Defendant from the Board of Elections and traveled with it to the Rohlsen Airport in an attempt to identify Defendant. See App. 206A - 209A. While there, he positioned himself in the control room and he observed Defendant as she proceeded through TSA and Customs. See App. 209A - 213A. Thomas's testimony corroborated Blackwood's and Carter's testimony with respect to the search of Defendant's and Onika Steven's bags, the processing of the drugs, and Defendant's statement regarding her role in conspiring with others to import drugs into the United States. Thomas testified that Defendant told him that a male companion asked her to take drugs to New York. See App. 236a. Thomas also told the jury that Defendant stated that the night before her travel, her male companion brought the travel bags and the tickets to Defendant's home and told her to deliver the drugs to an individual who would meet her in New York. She told Thomas that her friend agreed to pay her three to four thousand dollars for her efforts. She also told Thomas that she recruited Onika Stevens to travel with her with the drugs. See App. 237A. The jury convicted Defendant on Counts One and Three.

---

[1] Alexander Gongora, a forensic chemist, testified regarding her laboratory reports of the substance contained in Government's Exhibits #10 and #11. She concluded that the substance weighed 10.1 kilograms. See App. 196A. She also testified regarding Government Exhibits #18 and #19. She testified that her analysis revealed that the substance in Government's Exhibits #18 and #19 was cocaine and it weighed 15.07 kilograms. See App. 203A.

4

## II. JUDGMENT OF ACQUITTAL

### A. Standard of Review

When deciding a motion for a judgment of acquittal for insufficiency of the evidence after the jury has found the defendant guilty, the court must determine whether, in viewing the evidence in the light most favorable to the government, the government has presented substantial evidence upon which a rational juror could have found the essential elements of the offenses beyond a reasonable doubt. United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993); see United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1986); United States v. Castro, 776 F.2d 1118, 1125 (3d Cir. 1985); United States v. Dixon, 658 F.2d 181, 188 (3d Cir. 1981); Fed. R. Crim. P. 29. "The standard is the same when an appellate court reviews a jury verdict for insufficiency. In reviewing a jury verdict for sufficiency of the evidence, [the Appellate Court] must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which a rational trier of fact could find guilt beyond a reasonable doubt." Brown, 3 F.3d at 680 (citation and internal quotations omitted); see United States v. Ntreh, 2003 U.S. Dist. LEXIS 25386, *2 (D.V.I. 2003).

A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Samuels, 741 F.2d 570, 573 (3d Cir. 1984). The court will not assess the credibility of witnesses or re-weigh the evidence but, rather, is held to the jury's verdict absent a showing the prosecution failed to carry its burden to establish the essential elements of the crime at trial. United States v. Wasserman, 418 F.3d 225, 237 (3d Cir. 2005); see United States v. Applewhaite, 1999 U.S. App. LEXIS 28149 (3d Cir. 1999); United States v. Davis, 1999 U.S. App. LEXIS 16653 (3d Cir. 1999); United States v. Thomas, 114 F.3d 403 (3d Cir. 1997);

5

United States v. Fredericks, 38 F.Supp. 2d 396 (D.V.I. 1999). The court must presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences. Wasserman, 418 F.3d at 237; see also United States v. Casper, 956 F.2d 416, 421 (3d Cir. 1992) (citations omitted) ("In determining whether evidence is sufficient, we will not weigh the evidence or determine the credibility of witnesses"). It is the defendant's burden to show a complete failure of the prosecution to establish the essential elements of the claim. See Newton v. Gov't of the Virgin Islands, 2005 U.S. Dist. LEXIS 43809 (D.V.I. 2005); see also United States v. Syme, 276 F.3d 131,156 (3d Cir. 2002) ("[O]nly when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict"); Casper, 956 F.2d at 421 ("Acquittal on the grounds of insufficient evidence should be confined to those cases where the failure of the prosecutor is clear").

## B. **Discussion**

Defendant argues that, based on the evidence presented, a reasonable jury could not find that the government established all of the requisite elements to prove that she conspired to import cocaine into the Customs territory of the United States in violation of 21 U.S.C. §§ 952(a), 960(b)(1) and 963 as alleged in Count 1. Defendant further argues that a reasonable jury could not find that, while aiding and abetting others, she was in possession of cocaine on board an aircraft with intent to distribute in violation of 21 U.S.C. §§ 959(b)(2) and 18 U.S.C. § 2 as alleged in Count 3. The Court disagrees.

### i.     *Count 1*

The elements of Count 1 for conspiracy to import cocaine into the Customs territory of the United States are as follows:

> (1) Two or more people, directly or indirectly, reached an agreement to knowingly import a controlled substance into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof;
>
> (2) Defendant knew of the unlawful purpose of the agreement
>
> (3) Defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and
>
> (4) The overall scope of the conspiracy involved a controlled substances, that being cocaine.

See 21 U.S.C. §§ 952(a), 960(b)(1) and 963.

The Court instructed the jury with respect to the four elements of the offense in Count 1. In addition, the Court instructed the jury on how to determine a defendant's knowledge: "The intent of a person or the knowledge that a person possessed at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the work up of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent ... knowledge and intent may be inferred from all the surrounding circumstances." See App. 282A - 289A.

7

Defendant purchased a ticket and filled out a customs declaration form showing her departure from St. Croix, traveling to New York City.[2] See App. 100A. These facts, along with the previously recited facts showing Defendant's conduct,[3] provided substantial evidence to prove that Defendant conspired with others to transport drugs from St. Croix to the United States.[4] Accordingly, the Court finds that, in viewing the evidence in the light most favorable to the government, the government presented sufficient evidence upon which a rational juror could have found the essential elements of Count 1 beyond a reasonable doubt. See Brown, 3 F.3d at 680.

  *ii.*  ***Count 3***

As to Count 3, Defendant argues that acquittal is mandated because no evidence presented at trial showed that "Ms. Stevens knowingly and willfully possessed cocaine on board the aircraft and Ms. Lawrence specifically intended to aid and abet Onika Stevens in the knowing and willful possession with the intent to distribute cocaine on board an aircraft." See Def.'s Mot. for J. of Acquittal at 8. The elements of Count 3 for possession of cocaine on board an aircraft with intent to distribute while aiding and abetting others are as follows:

(1) While aiding and abetting others;

---

[2] CBP Supervisor Rosetta Horsford testified regarding Defendant's Customs Declaration form. The date of travel indicated on the form was November 9, 2006 and the destination was New York. See App. 99A – 105A.

[3] Thomas testified that Defendant told him that she was approached by a male companion who asked her to take a trip to New York with drugs in her bag. According to Thomas, Defendant stated that her male companion brought the bags and the tickets to her house. Once she got to New York, she was to turn the bags over to another male associate. Defendant also told Thomas that she had recruited Stevens to go on the trip with her. See App., 233A-238A.

[4] Although the Court's instructions made no mention that the jury must find, as an element, that Defendant knew St. Croix was outside of the customs territory of the United States, Defendant never challenged the Court's instructions in this respect.

8

(2) Defendant possessed a controlled substance, that being cocaine, on board an aircraft;

(3) Defendant knew that this substance was a controlled substance;

(4) Defendant intended to distribute this controlled substance; and

(5) Defendant was a United States citizen or was on board an aircraft owned by a United States citizen or registered in the United States

See 21 U.S.C. §§ 959(b)(2) and 18 U.S.C. § 2.

The Court instructed the jury with respect to the elements of the offense in Count 3. In addition, the Court instructed the jury on aiding and abetting: "To aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated herself in some way with the crime and that she willfully and knowingly sought by some act to help make the crime succeed...If so, then the defendant under consideration is an aide and abettor, and therefore guilty of the offense." See App 292A. The Court further instructed: "You are not limited to the bold statements of the witnesses or the bold appearance of a particular exhibit. On the contrary, you are permitted to draw, but you are not required to draw, any inferences from any facts which you find to have been proven, and you are permitted to draw such reasonable inferences as seem justified to you, and of course, that is in light of your own experience, and in light of the common knowledge and the experience of mankind. Please remember that any inference is a logical deduction, or a conclusion, which reason and common sense leads you..." See App. 264A.

At trial, Special Agent Thomas testified that when he arrested Defendant, she said she recruited Onika Stevens to travel with her to New York. See App. 239A. Agent Thomas testified that Defendant and Stevens were traveling together and that on the date of their travel, he went to the Board of Elections and obtained their photographs for the purpose of identifying

9

them at the airport. See App. 210A - 212A. Thomas told the jury that Defendant's and Steven's bags were removed from the airplane and each contained three cooler bags. Two of the cooler bags taken from Defendant's bag contained three bricks of cocaine and the third cooler bag contained four bricks of cocaine. See App. 216A - 218A. Thomas testified that Steven's bag was also recovered and that her bag contained identical cooler bags having the same "frozn" brand name as Defendant's cooler bags. See App. 220A. The contents of the cooler bags were identical to the contents of Defendant's cooler bags. See App 218A - 219A.

Based on the evidence presented at trial, the Court finds that a reasonable juror could have found that Defendant aided and abetted Onika Stevens by providing Stevens with the ticket and bag necessary to aid her in possessing the cocaine on the airplane for importation into the United States. Additionally, the Court finds that a reasonable juror could have found that Defendant also aided and abetted her male companion by agreeing to transport his cocaine by plane to New York. Accordingly, the Court finds that, in viewing the evidence in the light most favorable to the government, the government presented sufficient evidence upon which a rational juror could have found the essential elements of Count 3 beyond a reasonable doubt. See Brown, 3 F.3d at 680.

### C. Conclusion

The Court finds that the testimony of all of the government's witnesses presented at trial, when viewed in the light most favorable to the verdict, provided the jury with substantial evidence that Defendant (1) conspired to import cocaine into the Customs territory of the United States and (2) while aiding and abetting others, was in possession of cocaine on board an aircraft

with intent to distribute. See Coleman, 811 F.2d at 807. Therefore, Defendant's Motion for Judgment of Acquittal is denied.

### III. NEW TRIAL

#### A. **Standard of Review**

Under Rule 33 of the Federal Rules of Criminal Procedure, a court may grant a defendant a new trial if it is in the interest of justice. See Fed. R. Crim. P. 33. The question presented on a Rule 33 motion is whether the verdict is contrary to the weight of the evidence and a miscarriage of justice may have resulted. See Government of the Virgin Islands v. Lima, 774 F.2d 1245, 1250 (3d Cir. 1985); United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976). Under Rule 33, the court weighs the evidence and credibility of witnesses. Government of Virgin Islands v. Leycock, 93 F.R.D. 569, 571 (D.V.I. 1982); see U.S. v. Byrne, 451 F. Supp. 109 (E.D. Pa. 1978), 2 C. Wright, Federal Practice & Procedure § 553, at 486 (1969). If the evidence preponderates heavily against the verdict, the court, having cautiously considered all of the evidence, may exercise its discretion to order a new trial. Leycock, 93 F.R.D. at 571. However, such an exercise of discretion is to be used only in exceptional circumstances. Id.; see U.S. v. Kermidas, 332 F.Supp. 1312, 1316 (M.D. Pa.1971). A court may grant a new trial if trial error had a substantial influence on the jury verdict. See Government of the Virgin Islands v. Smalls, 950 F. Supp. 698 (D.V.I. 1996). The trial judge may not set aside the verdict simply because he came to a different conclusion than the jury. Ntreh, 2003 U.S. Dist. LEXIS 25386, at *2; see Schirra v. Delaware L. & W. R. Co., 103 F. Supp. 812, 820 (M.D. Pa. 1952).

11

B. **Discussion**

Defendant does not present any evidence or raise any arguments to support granting a new trial in this matter. Based on the briefs submitted by the parties, the Court finds that a new trial is not warranted. Therefore, Defendant's Motion for a New Trial is denied.

IV. CONLUSION

For the reasons stated above, Defendant's Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial is **DENIED**.

ENTERED this 7 day of July, 2009.

_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE